IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DALLAS SOCCER CENTER, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.  3:24-cv-00226 |
| **ATLANTIC CASUALTY INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Atlantic Casualty Insurance Company ("ACIC") hereby removes the action styled and numbered *Dallas Soccer Center, LLC v. Atlantic Casualty Insurance Company*, Cause No. DC-23-21050 pending in the 101st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   THE STATE COURT ACTION

1. On December 20, 2023, Plaintiff Dallas Soccer Center, LLC ("Plaintiff"), filed its Original Petition in the 101st Judicial District Court of Dallas County, Texas—Cause No. DC-23-21050 against ACIC. ACIC is the sole defendant in this action.[1]

---

[1] *See* Plaintiff's Original Petition, § I, attached as **Exhibit C-1**.

## II. DEFENDANT'S REMOVAL IS TIMELY

2. Plaintiff served the Texas Commissioner of Insurance on January 3, 2024. Accordingly, ACIC files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## III. VENUE IS PROPER

3. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. §§ 124(a)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## IV. BASIS FOR REMOVAL

4. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and ACIC, and the amount in controversy exceeds $75,000 excluding interest and costs.[2]

5. Plaintiff Dallas Soccer Center, LLC is a limited liability company organized under the laws of the State of Texas.[3] The citizenship of a limited liability company is determined by the citizenship of each member of the entity.[4] According to information filed with the Texas Secretary of State, Plaintiff has two members: Gustavo Day and Diego Gordillo.[5] Based upon information and belief, Gustavo Day is, and was at the time this lawsuit was filed, an individual who is domiciled and resides in the State of Texas and, therefore, is citizen of Texas for diversity

---

[2] *See* Plaintiff's Original Petition at ¶ 4, attached hereto as **Exhibit C-1.**

[3] *See* Dallas Soccer Center LLC Texas Franchise Tax Public Information Report, attached hereto as **Exhibit F.**

[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *See also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[5] *See* Dallas Soccer Center LLC Texas Franchise Tax Public Information Report, attached hereto as **Exhibit F.**

jurisdiction purposes.[6] Based upon information and belief, Diego Gordillo is, and was at the time this lawsuit was filed, an individual who is domiciled and resides in the State of Florida and, therefore, is citizen of Florida for diversity jurisdiction purposes.[7] Plaintiff Dallas Soccer Center, LLC is thus a citizen of Texas and Florida for purposes of diversity jurisdiction.

6. ACIC was at the time this lawsuit was filed, and at the date of this Notice remains, a foreign corporation organized under the laws of North Carolina, with its principal place of business in Goldsboro, North Carolina. Thus, ACIC is a citizen of North Carolina for purposes of diversity jurisdiction.

7. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and ACIC.

## V. AMOUNT IN CONTROVERSY

8. If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Defendant's burden is satisfied.[8]

9. When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[9]

10. "The district court must first examine the [petition] to determine whether it is 'facially apparent' that the claims exceed the [minimum jurisdictional requirement]. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount

---

[6]  *Id.*

[7]  *Id.*

[8]  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[9]  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

in controversy."[10]

11. Plaintiff seeks "monetary relief over $1,000,000, exclusive of interest and costs ."[11]

12. Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI. COMPLIANCE

As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of the following is attached to (or filed with) this Notice of Removal:

a. An index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable) – identified as **Exhibit A**;

b. A copy of the docket sheet in the state court action – identified as **Exhibit B**;

c. Each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date) – identified as **Exhibit C-1 through C-9**;

d. Evidence of service of citation on Defendant– identified as **Exhibit D**; and

e. Evidence of citizenship of the parties– identified as **Exhibit E**.

Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the District Court of Dallas County, Texas promptly after the filing of this Notice of Removal.

---

[10] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[11] *See* Plaintiff's Original Petition, ¶ 4, attached as **Exhibit C-1.**

Pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be given to all adverse parties promptly after filing.

## VII.  JURY DEMAND

Plaintiff demanded a jury trial in its Original Petition.

## VIII.  CONCLUSION

WHEREFORE, Defendant Atlantic Casualty Insurance Company requests that this action be removed from the 101st Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: _/s/ M. Paige Tackett_
Steven J. Badger
Texas Bar No. 01499050
sbadger@zellelaw.com
M. Paige Tackett
Texas Bar No. 24083935
ptackett@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:   214-742-3000
Facsimile:    214-760-8994

**ATTORNEY FOR DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

    A true and correct copy of the forgoing has been served on the following counsel of record in accordance with FEDERAL RULES OF CIVIL PROCEDURE on January 29, 2024 as follows:

Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
L. Zachary Carrion
State Bar No. 24131038
zcarrion@dcclawfirm.com
**DUGAS & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, TX 76107
Telephone:     817-945-3061
Facsimile:     682-219-0761
**ATTORNEYS FOR PLAINTIFF**

                                                */s/ M. Paige Tackett*
                                                  M. Paige Tackett